UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PATRICK H. SUTTON and ) | |
| LEAH M. BURNS SUTTON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: 2:24-cv-01240-AMM |
| v. ) | |
| ) | |
| ANDREW J. CECERE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION ON DEFENDANTS' MOTIONS TO DISMISS AND STRIKE AND PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND MISCELLANEOUS RELIEF**

This matter is before the court on two motions to dismiss, one filed by defendants Jay Bray, Chris Marshall, Mike Weinbach, and Kurt Johnson, Doc. 4, and another filed by defendants Andrew J. Cecere, Jane Fraser, and Mark A. L. Mason, Doc. 7. Also before the court are two motions to strike plaintiffs' response to defendants' notice of appearance, Docs. 16 and 17. Additionally, plaintiffs' amended motion for preliminary injunction, Doc. 22, and verified motion for miscellaneous relief, Doc. 34, are pending. For the reasons explained below, the motions to dismiss, Docs. 4 and 7, are **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**. The motions to strike, Docs. 16 and 17, are **DENIED AS MOOT**. The amended motion for preliminary injunction, Doc. 22, and verified motion for miscellaneous relief, Doc. 34, are **DENIED AS MOOT**.

This dispute arises between *pro se* plaintiffs Patrick H. Sutton and Leah M. Burns Sutton and the following defendants: Andrew J. Cecere, CEO of U.S. Bank National Association; Jay Bray, CEO of Nationstar Mortgage, LLC; Chris Marshall, Vice Chairman of Nationstar Mortgage, LLC; Mike Weinbach, President of Nationstar Mortgage, LLC; Kurt Johnson, CFO of Nationstar Mortgage, LLC; Jane Fraser, CEO of Citigroup Mortgage Loan Trust Inc.; and Mark A. L. Mason, CFO of Citigroup Mortgage Loan Trust, Inc. Doc. 1 at 1–2.

The Suttons filed a "[c]omplaint [i]n [e]quity" on September 11, 2024, alleging the defendants engaged in "misconduct, misrepresentation, failure to credit 'payments' to Plaintiff (s) mortgage account and breach of fiduciary duty." *Id*. at 2–3. The defendants moved to dismiss, arguing that the Suttons failed to perfect service and that there is an absence of personal jurisdiction over the defendant. *See* Doc. 4 at 3–7; Doc. 7 at 3–9. The Suttons argue service was perfected, and in the alternative, seek leave to perfect service. *See* Doc. 11 at 5; Doc. 14 at 3.

"[A]n individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . [2] delivering a copy of the summons and of the complaint to the individual

2

personally . . . [3] leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there . . . or [4] delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

Under the Alabama rules, service of process shall be made

> [u]pon an individual . . . by serving the individual or by leaving a copy of the summons and the complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process[.]

Ala. R. Civ. P. 4(c)(1).

"Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt." Ala. R. Civ. P. 4(i)(2)(C). "[A]gent means a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee." *Id*. (cleaned up).

The defendants argue that "[n]one of the receipts can show that the complaint and summons were personally served on the Executives, and service by certified

3

mail to the corporate office or registered agent of their employers is improper." Doc. 20 at 4; *see also* Doc. 18 at 3–4.

The Suttons argue that "they have either completed proper service or should be granted leave to cure any defects under FRCP 4(m)." Doc. 11 at 5. They also argue that any service defects should be excused as "Defendants received actual notice of the lawsuit, as evidenced by their active participation in the litigation." *Id*. They further argue that "pro se litigants should be afforded reasonable leeway to correct minor service issues without prejudice." *Id*. at 5.

The docket indicates that summonses were issued to the addresses of Nationstar Mortgage, LLC, Citigroup Mortgage Loan Trust Inc., and U.S. Bank National Association. *See* Doc. 2 at 1–7. This is confirmed by the corresponding addresses listed on the receipts provided by the Suttons. *See* Doc. 11 at 12–23. But issuing summonses to the defendants' employers' addresses does not constitute service upon the defendants "at the individual's dwelling house or usual place of abode." Ala. R. Civ. P. 4(c)(1); *see also* Fed. R. Civ. P 4(e). And the Suttons provide no arguments or evidence that mailing service to the defendants' places of employment constitutes service upon "an agent authorized by appointment or by law to receive service of process." Ala. R. Civ. P. 4(c)(1); *see also* Fed. R. Civ. P 4(e).

Further, although service upon an officer may constitute service upon the corporation, service upon a corporation does not constitute service upon an officer. *See* Ala. R. Civ. P. 4(c)(6); Fed. R. Civ. P. 4(h). Moreover, the Suttons provided receipts of service for only three of the seven defendants. *See* Doc. 11 at 12–23 (missing receipts for Jay Bray, Chris Marshall, Mike Weinbach, and Kurt Johnson). Additionally, the receipt addressed to Andrew J. Cecere contains a signature on the return receipt, *id.* at 13, which the defendants argue "was not signed by Mr. Cecere," Doc. 20 at 4, and the Suttons do not refute this argument, *see* Docs. 11 and 14. Nor do the Suttons argue or provide evidence to establish the signatory was Mr. Cecere's "agent" within the meaning of the Rules. *See* Ala. R. Civ. P. 4(i)(2)(C); Fed. R. Civ. P. 4(e)(2)(C). Accordingly, the Suttons have not perfected service.

In addition, the Suttons' arguments that (1) the defendants' notice of this lawsuit negates the need for service, Doc. 11 at 5, and (2) they should be excused from stringent standards of service because of their *pro se* status, *id.*, are unsupported. Under controlling precedent, "[a] defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). "And although [the court is] to give liberal construction to the pleadings of *pro se* litigants," they must "conform to procedural rules." *Id.* (cleaned

5

up); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Accordingly, the defendants' motions to dismiss, Docs. 4 and 7, are **GRANTED**.

On December 16, 2024, the Suttons filed an amended motion for a preliminary injunction, seeking to enjoin the defendants as well as U.S. Bank National Association from pursuing eviction proceedings against the Suttons' property. *See* Doc. 22 at 1–18 and Doc. 25-1 at 2–4. On April 18, 2025, the Suttons filed a verified motion to enjoin foreclosure, declare fraudulent deed void, impose sanctions, and grant other relief. Doc. 34. This motion asserts several allegations against Nationstar Mortgage, LLC, U.S. Bank, and Citibank. *See id*. at 18–20, 22–25. Because the preliminary injunction motion, Doc. 22, and the verified motion, Doc. 34, seek relief against unserved parties and/or entities not named in this litigation, they are **DENIED AS MOOT**.

The Suttons are advised to consult the "For Pro Se Parties" section of https://www.alnd.uscourts.gov for general assistance should they wish to refile pleadings.

For the reasons explained above, the motions to dismiss, Docs. 4 and 7, are **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**. The motions to strike, Docs. 16 and 17, are **DENIED AS MOOT**. The amended motion for a

preliminary injunction, Doc. 22, and verified motion for miscellaneous relief, Doc. 34, are **DENIED AS MOOT**. Because the court grants the motion to dismiss on service grounds, the court does not reach the personal jurisdiction arguments raised in the motion to dismiss. The Clerk of the Court is **DIRECTED** to close this case.

**DONE** and **ORDERED** this 20th day of June, 2025.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE